[Cite as *State v. Rivera*, 2017-Ohio-8514.]

STATE OF OHIO        )           IN THE COURT OF APPEALS
                         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN     )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. Nos. 16CA011057 |
| | | 16CA011059 |
| Appellee | | 16CA011060 |
| | | 16CA011061 |
| v. | | 16CA011063 |
| | | 16CA011073 |
| ANGEL RIVERA | | 16CA011075 |
| ELIEZER CLAUDIO | | |
| DAVID PENA | | |
| RUTH ROJAS-AVELO | | |
| RAFAEL ESQUILIN | | APPEAL FROM JUDGMENT |
| ROLANDO CARTER | | ENTERED IN THE |
| JONATHON BARNETTE | | COURT OF COMMON PLEAS |
| | | COUNTY OF LORAIN, OHIO |
| Appellants | | CASE Nos. 16-CR-093520 |
| | | 16-CR-093559 |
| | | 16-CR-093831 |
| | | 16-CR-093558 |
| | | 16-CR-093557 |
| | | 16-CR-093675 |
| | | 16-CR-093560 |

DECISION AND JOURNAL ENTRY

Dated: November 13, 2017

TEODOSIO, Judge.

{¶1} Appellants, Angel Rivera, Eliezer Claudio, David Pena, Ruth Rojas-Avelo, Rafael Esquilin, Rolando Carter, and Jonathon Barnette ("Clients") appeal from an order disqualifying their retained counsel, attorneys Jack Bradley and Michael Stepanik, in the Lorain County Court of Common Pleas. We affirm.

I.

{¶2}    Following an investigation into a drug distribution network, thirteen individuals were charged with multiple felonies, including engaging in a pattern of corrupt activity and conspiracy to commit drug trafficking, felonies of the first degree.  Ten of those individuals retained the services of Bradley & Stepanik Co., LPA, for legal representation.  The State filed a motion to disqualify counsel based on Prof.Cond.R. 1.7, which governs conflicts of interest involving current clients.  The trial court held at least two hearings on the matter and subsequently granted the State's motion.  Clients appealed the trial court's order and filed nearly identical merit briefs.  This Court consolidated their appeals because they arose from the same order.

{¶3}    Clients now appeal from the trial court's order disqualifying trial counsel and raise one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DISQUALIFIED DEFENDANT[S'] COUNSEL OF CHOICE, IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.

{¶4}    In their sole assignment of error, Clients argue that the trial court erred in disqualifying attorneys Jack Bradley and Michael Stepanik as their trial counsel in this case.  We disagree.

{¶5}    We first note that a pretrial ruling removing a criminal defendant's retained counsel of choice is a final appealable order.  *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, ¶ 27.

**{¶6}** The Sixth Amendment to the United States Constitution and Article I, Section 10, of the Ohio Constitution guarantee a criminal defendant the right to counsel for his defense. *State v. Miller*, 9th Dist. Summit No. 27048, 2015-Ohio-279, ¶ 8. "'[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him.'" *Id.*, quoting *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The right to counsel also includes "a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981). Joint representation is not a per se violation of the constitutional right to counsel, and multiple defendants may enjoy certain advantages from joint representation, as mounting a common defense often gives strength against a common attack. *Holloway v. Arkansas*, 435 U.S. 475, 482-483 (1978). "A court commits structural error when it wrongfully denies a defendant his counsel of choice, so a defendant need not demonstrate further prejudice." *Miller* at ¶ 8. "'[T]he erroneous deprivation of a defendant's choice of counsel entitles him to an automatic reversal of his conviction.'" *Id.*, quoting *Chambliss* at ¶ 18.

**{¶7}** A defendant's constitutional right to the counsel of his choice, however, is not unqualified, but is "circumscribed in several important respects." *Miller* at ¶ 9, quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988). "'A defendant does not have the right to be represented by (1) an attorney he cannot afford; (2) an attorney who is not willing to represent the defendant; (3) an attorney with a conflict of interest; or (4) an advocate (other than himself) who is not a member of the bar.'" *Miller* at ¶ 9, quoting *State v. Howard*, 5th Dist. Stark No. 2012CA00061, 2013-Ohio-2884, ¶ 39. Therefore, the constitutional right to counsel of choice is "only a *presumptive* right to employ * * * chosen counsel." (Emphasis sic.) *State v. Keenan*, 81 Ohio St.3d 133, 137 (1998). "'That presumption may be overcome not only by a demonstration of

actual conflict but by a showing of a *serious potential* for conflict.'" (Emphasis added.) *Id.*, quoting *Wheat* at 164.

{¶8} Trial courts retain a "'wide latitude in balancing the right to counsel of choice against the needs of fairness * * * and against the demands of [their] calendar[s].'" *Miller* at ¶ 9, quoting *Gonzalez-Lopez* at 152. They have an "'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" *Gonzalez-Lopez* at 152, quoting *Wheat* at 160. Thus, "[t]rial courts have the inherent authority to regulate the conduct of attorneys, including the disqualification of attorneys in accordance with the Ohio Rules of Professional Conduct." *Harold Pollock Co., LPA v. Bishop*, 9th Dist. Lorain No. 12CA010233, 2014-Ohio-1132, ¶ 7. *See also Avon Lake Mun. Util. Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 13. They enjoy broad discretion when considering motions to disqualify counsel and, therefore, "'[w]e review a trial court's determination regarding a motion to disqualify counsel for an abuse of discretion.'" *In re E.M.J.*, 9th Dist. Medina No. 15CA0098-M, 2017-Ohio-1090, ¶ 5, quoting *Pfizenmayer* at ¶ 13. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} In the case sub judice, the State filed a motion to disqualify attorneys Bradley and Stepanik from representing ten defendants in the same criminal case, pursuant to Prof.Cond.R. 1.7. Prof.Cond.R. 1.7(a) provides that representation of a client creates a conflict of interest if either:

(1) the representation of that client will be directly adverse to another current client; [or]

(2) there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client * * *.

(Emphasis sic.)  The State argued at the second hearing that it intended to make a plea offer to at least one of the Clients.  Discovery also appeared to be substantial, as the prosecutor stated that it took three hours to download all of the discovery onto a single flash drive.  Attorney Bradley stated during the first hearing: "[W]e've got thousands, if not close to five thousand, [phone] calls that have to be gone through and reviewed with clients."  Clients argued at the hearings that they had no intention to testify at trial or engage in plea negotiations with the State.

{¶10}  The parties and the trial court all agreed that no actual conflict existed prior to the court's ruling on this matter.  An actual conflict is "'a conflict of interest that adversely affects counsel's performance.'"  *State v. Sibley*, 9th Dist. Lorain No. 16CA010908, 2017-Ohio-7015, ¶ 9, quoting *Mickens v. Taylor*, 535 U.S. 162, 172, fn. 5 (2002).  However, the trial court stated in its entry that "the potential for a conflict to arise * * * is of great concern * * *."  A possible conflict exists if the "'interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties.'"  *Sibley* at ¶ 8, quoting *State v. Dillon*, 74 Ohio St.3d 166, 168 (1995), quoting *Cuyler v. Sullivan*, 446 U.S. 335, 356, fn. 3 (1980) (Marshall, J., concurring in part and dissenting in part).  "[A] lawyer represents conflicting interests 'when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.'"  *Sibley* at ¶ 8, quoting *State v. Gillard*, 78 Ohio St. 3d 548, 553 (1997), quoting *State v. Manross*, 40 Ohio St.3d 180, 182 (1988).

{¶11}  The trial court inquired of Clients in open court as to the potential conflicts of interest in this case, but Clients nonetheless still wished to be represented by attorneys Bradley

and Stepanik. Although Clients represented to the court that they were unified and had no interest in testifying or engaging in plea negotiations, the court stated in its entry that it was concerned about Clients' interests diverging once further discovery, plea discussions, and trial preparation began. The court specifically quoted Prof.Cond.R. 1.7, Comment 15, which states: "The potential for conflict of interest in representing multiple defendants in a criminal matter is so grave that ordinarily a lawyer should decline to represent more than one co-defendant."

{¶12} Neither the trial court nor this Court can foresee what evidence will be presented at trial or what plea deals may be offered by the State and accepted by one or more of these individuals. *See State v. Kish*, 5th Dist. Fairfield No. 17-CA-22, 2017-Ohio-7551, ¶ 32. *See also State v. Cook*, 5th Dist. Fairfield No. 17-CA-23, 2017-Ohio-7552, ¶ 30. Although Clients asserted that they will not engage in plea negotiations or testify at trial, any one or more of them could certainly change their minds at a later date, and the evidence could potentially incriminate or exculpate certain individuals more than others. *See id.* The State asserted that plea offers were forthcoming to one or more of Clients and the evidence provided in discovery appeared to be quite substantial. Joint representation of these ten Clients could possibly preclude counsel from exploring plea negotiations and agreements to testify that would be favorable to some Clients and prejudicial to others. *See Holloway*, 435 U.S. at 490. Joint representation could also prevent counsel from challenging the admission of evidence that is prejudicial to some Clients but perhaps favorable to others. *See id.* Counsel could also refrain from arguing the relative involvement and culpability of some Clients at sentencing by minimizing the involvement of some and emphasizing the involvement of others. *See id.* Examples of possible conflicts like this can be readily multiplied. *See id.* Furthermore, as attorneys Bradley and Stepanik were representing *ten* different defendants in the same litigation, the risk of a possible conflict arising

is undoubtedly more serious and substantial in this case than in other cases involving a far fewer number of defendants represented by the same counsel.

{¶13} After a review of the record, we conclude that the trial court did not abuse its discretion in granting the State's motion to disqualify attorneys Bradley and Stepanik in this matter, as there existed a substantial risk of the attorneys' ability to consider, recommend, or carry out an appropriate course of action for all ten defendants being materially limited by their responsibilities to their remaining clients in this case.

{¶14} Accordingly, Clients' sole assignment of error is overruled.

III.

{¶15} Clients' sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JACK W. BRADLEY and MICHAEL E. STEPANIK, Attorney at Law, for Appellants.

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.