THE STATE OF OHIO, APPELLEE, *v.* CHAMBLISS ET AL., APPELLANTS.

[Cite as *State v. Chambliss,* 128 Ohio St.3d 507, 2011-Ohio-1785.]

*Appellate procedure — Final orders — Removal of retained counsel of criminal defendant.*

(No. 2008-2251 — Submitted March 1, 2011 — Decided April 19, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 91272, 2008-Ohio-5285.

_____

**SYLLABUS OF THE COURT**

A pretrial ruling removing a criminal defendant's retained counsel of choice is a final order subject to immediate appeal.

_____

**LUNDBERG STRATTON, J.**

{¶ 1} Today, this court must decide whether the denial of retained counsel of choice prior to trial in a criminal case is a final, appealable order. As a general matter, we first caution that this case is limited to the issue of removal of retained counsel of choice. The issue of whether the removal of appointed counsel is a final, appealable order may involve different considerations that have not been briefed in this case. We leave that issue for another day.

{¶ 2} Further, we are examining only the issue of whether the denial of retained counsel of choice is a final, appealable order. The merits of the trial court's decision in removing retained counsel of choice in this case are not before us. Because we hold that the denial of retained counsel of choice in a criminal proceeding is a final, appealable order, we reverse the judgment of the court of appeals and remand the cause to the court of appeals for further proceedings on the merits of the appeal.

**Facts and Procedural History**

{¶ 3}   Dantae Chambliss, James Bennett, and Travis Sanders, defendants-appellants, were indicted on several drug-related offenses.   Each defendant retained his own attorney, pleaded not guilty, and filed a request for discovery. Several pretrials were held and continued.

{¶ 4}   Each defendant filed a motion to compel production of a search warrant affidavit and a motion for discovery.  Each defendant filed at least one motion to continue trial based on denial of access to the requested affidavit, which remained sealed.  In addition, each defendant filed a motion to suppress evidence and a motion for a trial separate from the other defendants.  After the defendants' motions for separate trials were denied, they filed motions to continue based on the fact that they had not yet received the search warrant affidavit despite repeated requests.

{¶ 5}   All three defendants pleaded guilty.  A few weeks later, when the trial court refused to accept the agreement between the state and defense, defendants moved to withdraw their pleas.  The trial court vacated the pleas of all three defendants, set trial, and granted a motion to unseal the search warrant affidavit.

{¶ 6}   It is unclear from the record whether or when the search warrant affidavit was unsealed, but during a hearing on the day of trial, it became clear that the attorneys had not yet received the search warrant affidavit, and they claimed that if they were required to proceed to trial without the necessary information, they would be ineffective as counsel within the meaning of the Sixth Amendment.  The trial court removed all three retained counsel, remanded all three defendants to the custody of the sheriff, ordered all three defendants to retain new counsel in less than two weeks, and set trial for the following month.

{¶ 7}   The defendants' retained attorneys filed a motion with the court of appeals to stay execution of the order pending appeal and attached their affidavits.

The Cuyahoga County Court of Appeals stayed execution of the trial court's order pending appeal, vacated the trial court's order remanding Chambliss, Bennett, and Sanders to jail, affirmed that the bonds remained in effect, and released the defendants. On appeal, the Cuyahoga County Court of Appeals vacated the trial court's remand order but concluded that the removal of retained counsel of choice was not a final and appealable order. Accordingly, the court dismissed the appeal as to that issue.

{¶ 8} The case is now before this court pursuant to a discretionary appeal.

**Analysis**

*R.C. 2505.02*

{¶ 9} R.C. 2953.02 provides for appellate review of the judgment or final order of a trial court in a criminal case. R.C. 2505.02 defines whether a particular order is final and appealable:

{¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 11} "* * *

{¶ 12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply;

{¶ 13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

*Three-Part Test for Final Order*

{¶ 15} In *State v. Muncie* (2001), 91 Ohio St.3d 440, 446, 746 N.E.2d 1092, this court described the analysis for determining whether a decision

3

granting or denying a provisional remedy is a final order: "R.C. 2505.02(B)(4) now provides that an order is a 'final order' if it satisfies each part of a three-part test: (1) the order must either grant or deny relief sought in a certain type of proceeding—a proceeding that the General Assembly calls a 'provisional remedy,' (2) the order must both determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

*Meaningful or Effective Remedy*

{¶ 16} The state concedes that the removal of retained counsel meets the first two prongs of the analysis. Therefore, the only question before us is whether a postconviction appeal in this instance would be effective and meaningful. The court of appeals noted the quandary. By asserting that this is not a final, appealable order, it said, the state was left in a position where, should it obtain a conviction at trial, that conviction would be subject to automatic reversal. Further, defendants could not lose, since they would either win the case or it would be reversed due to structural error. 2008-Ohio-5285, 2008 WL 4531965, ¶ 15. Noting the waste of judicial resources, the appellate court still held that this court's decision in *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119, warranted a conclusion that the order removing appellants' retained counsel was not a final, appealable order. We now conclude that it is a final, appealable order.

{¶ 17} In *Keenan,* we held that a pretrial order granting disqualification of counsel in a criminal case is not a final, appealable order, id. at 178, because "[a]n appeal following conviction and sentence would be neither impractical nor ineffective since any error in granting the motion would, in certain circumstances,

be presumptively prejudicial," id. at 179, citing *Flanagan v. United States* (1984), 465 U.S. 259, 268, 104 S.Ct. 1051, 79 L.Ed.2d 288. However, *Keenan* was decided before R.C. 2505.02(B)(4) was in existence.

{¶ 18} Moreover, several years after this court's per curiam decision in *Keenan*, the United States Supreme Court considered the issue and held that the "erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as "structural error." ' " *United States v. Gonzalez-Lopez* (2006), 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409, quoting *Sullivan v. Louisiana* (1993), 508 U.S. 275, 282, 113 S.Ct. 2078, 124 L.Ed.2d 182. This is because "[d]ifferent attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the 'framework within which the trial proceeds,' [*Arizona v.*] *Fulminante* [(1991), 499 U.S. 279] at 310 [111 S.Ct. 1246, 113 L.Ed.2d 302]—or indeed on whether it proceeds at all." Id. at 150. Thus, the erroneous deprivation of a defendant's choice of counsel entitles him to an automatic reversal of his conviction.

{¶ 19} The state argues that in addition to this court's decision in *Keenan*, *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288, controls. *Flanagan* held that a district court's pretrial disqualification of defense counsel in a criminal prosecution was not immediately appealable. However, just like *Keenan, Flanagan* was decided prior to *Gonzalez-Lopez*, which clearly holds that the erroneous deprivation of the right to counsel of choice qualifies as structural error. When *Keenan* was decided, the erroneous denial of retained counsel was *presumptively* prejudicial. However, in *Gonzalez-Lopez*, the United

States Supreme Court went further to conclude that the erroneous denial of the right to retained counsel of choice constitutes *structural error*, which would mean that the court of appeals would automatically reverse the conviction. *Gonzalez-Lopez*, 548 U.S. at 148,126 S.Ct. 2557, 165 L.Ed.2d 409.

{¶ 20} As the court in *Gonzalez-Lopez* held, "It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of the trial at all. Harmless-error analysis in such a context would be a speculative inquiry into what might have occurred in an alternative universe." Id. at 150.

*Chambliss, Bennett, and Sanders*

{¶ 21} In the case at bar, the trial court ordered that all three retained counsel be removed as counsel and remanded defendants to the custody of the sheriff. The court of appeals concluded that the order removing counsel was not a final, appealable order, thus potentially forcing the defendants to run the gauntlet of trial twice.

{¶ 22} A postconviction reversal of the trial court's judgment would not be automatically effective. A criminal defendant might exhaust his or her resources during the first trial, thereby denying that defendant the counsel of his or her choice. Further, if counsel of choice were later deemed to have been erroneously removed, the subject matter of the first trial, including the strategy employed, witnesses cross-examined, etc., would be stale and likely weakened. This, in addition to the waste of scarce judicial resources, satisfies the third prong of R.C. 2505.02(B)(4)—rendering a postconviction appeal ineffective or meaningless—and compels a conclusion that a pretrial ruling disqualifying a criminal defendant's retained counsel of choice is a final order, subject to immediate appeal.

**Conclusion**

**{¶ 23}** Not every issue in a criminal case is subject to an interlocutory appeal. Moreover, not every trial court decision to remove retained counsel will be found to have been erroneous. However, because the United States Supreme Court has held that the erroneous denial of counsel of choice is a structural error that occurs at the very moment counsel is removed, an immediate appeal to avoid a potential retrial is practical and warranted.

**{¶ 24}** The dissent in *Keenan* captured the depth of the issue:

**{¶ 25}** "A post-conviction appeal does not offer Keenan an adequate remedy at law, nor does it suit an orderly and efficient judicial system.

**{¶ 26}** "The question of Keenan's right to the counsel of his choice is necessarily most critical prior to the beginning of his trial. A post-conviction appeal may offer *a* remedy, but not an *adequate* one—the choice of counsel is fundamental and impacts the entirety of the case." (Emphasis sic.) *Keenan*, 69 Ohio St.3d at 180, 631 N.E.2d 119 (Pfeifer, J., dissenting).

**{¶ 27}** We hold that a pretrial ruling removing a criminal defendant's retained counsel of choice is a final order, subject to immediate appeal. Therefore, we reverse the judgment of the court of appeals and remand the cause to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Thorin Freeman, Assistant Prosecuting Attorney, for appellee.

Marein & Bradley and Steven L. Bradley, for appellant Dantae Chambliss.

Marein & Bradley and Mark B. Marein, for appellant James Bennett.

Robey & Robey and Gregory Scott Robey, for appellant Travis Sanders.

_____