[Cite as *State v. Chambliss*, 2011-Ohio-3574.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 91272

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# DANTAE CHAMBLISS, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-500664

**BEFORE:** Keough, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 21, 2011

**ATTORNEYS FOR APPELLANTS**

**For Dantae Chambliss and James Bennett**

Mark B. Marein
Steven L. Bradley
Michael E. Stepanik
Marein & Bradley
222 Leader Building
526 Superior Avenue
Cleveland, OH 44114

**For Travis Sanders**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, OH 44137

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Thorin O. Freeman
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} This appeal is before this court on remand from the Ohio Supreme Court.

{¶ 2} In *State v. Chambliss*, Cuyahoga App. No. 91272, 2008-Ohio-5285 (*Chambliss I*), defendants-appellants, Dantae Chambliss, James Bennett, and Travis Sanders, appealed the trial court's judgments removing their respective counsel, remanding them to the county jail, and ordering them to retain new counsel.

{¶ 3} This court set forth the facts and procedural history in *Chambliss I* as follows:

{¶ 4} "Appellants were indicted on several drug-related offenses, and each retained his own attorney. The charges carried mandatory prison time. All three appellants posted the bonds that were set for them, and were released pending trial. Appellants filed various pretrial motions, including motions to compel production of the search warrant affidavit and to unseal it, motions to suppress, and motions to disclose the identity of a confidential and reliable informant. These motions [were] never ruled on.

{¶ 5} "The record reflects that the State did not want to reveal the identity of the informant in this case and, therefore, was hesitant to permit the search warrant affidavit to be unsealed. As a result of these concerns, the State and appellants reached a compromise whereby appellants would plead

guilty to amended counts of the indictment which did not carry mandatory prison time, the identity of the informant would not be revealed, and the search warrant would not be unsealed. As part of the plea agreement, the State agreed to recommend a community control sanction at sentencing for Sanders and two-year sentences for Chambliss and Bennett.

{¶ 6} "The trial judge assigned to the case was unavailable on the day of the plea, and the plea was taken by another judge. The plea journal entry on behalf of Sanders states that '[t]he state recommends community control sanctions and should the sentencing court choose to impose a prison term, the state has no objection to withdrawal of the pleas.' The plea journal entries on behalf of Chambliss and Bennett state that the '[r]ecommended sentence by the state is 2 years[;] no objection by the state to withdraw the plea should the court choose to impose a harsher sentence.' On the date set for sentencing, the trial court refused to accept the agreement between the State and the defense, and the docket reflects that appellants then orally moved to withdraw their pleas. These oral requests were granted on March 27, 2008 and the court set the matter for trial on April 8, 2008 at 9:00 a.m.

{¶ 7} "On April 8, the day set for trial, in addressing some preliminary issues, Bennett's attorney indicated that the search warrant affidavit had not yet been ordered unsealed and, as a result, if required to proceed to trial without the necessary information to which he was entitled, he would be

ineffective as counsel within the meaning of the Sixth Amendment. In response, the court ordered removal of all three of appellants' attorneys, ordered appellants to retain new counsel within ten days, verbally ordered the appellants' bonds revoked, by judgment entry ordered the appellants remanded to the county jail, and refused former counsels' requests to be heard on the record on behalf of their clients." Id., ¶2-5.

{¶ 8} On appeal, appellants challenged the trial court's judgments removing their counsel and remanding them to jail. This court vacated the trial court's remand order but, in light of the Ohio Supreme Court's decision in *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119, held that the trial court's order directing the unilateral removal of appellants' retained counsel was not a final, appealable order and, accordingly, dismissed the appeal as to that issue. Id., ¶18.

{¶ 9} The Ohio Supreme Court accepted jurisdiction to examine the issue of whether the denial of retained counsel of choice is a final, appealable order. *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651. The Court found that several years after its decision in *Keenan*, the United States Supreme Court considered the effect of a trial court's erroneous deprivation of a criminal defendant's choice of counsel in *United States v. Gonzalez-Lopez* (2006), 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409, and held that "the erroneous denial of counsel of choice is a structural error that

occurs at the very moment counsel is removed," entitling the defendant to an automatic reversal of his conviction. Id., ¶23. Hence, the Ohio Supreme Court held that a pretrial ruling disqualifying a criminal defendant's retained counsel of choice is a final order, subject to immediate appeal, under the three-prong test for determining whether an order is final and appealable under R.C. 2505.02(B)(4):[1]   (1) the order grants or denies a provisional remedy; (2) the order determines the action with respect to the provisional remedy and prevents a judgment in favor of the appealing party with respect to the provisional remedy; and (3) the order renders a postconviction appeal ineffective or meaningless.   Id., ¶22 and 27.

{¶ 10} The Supreme Court therefore reversed this court's judgment and remanded the matter for further proceedings on the merits of the appeal. Accordingly, we now consider the merits of appellants' claim, i.e., whether the trial court's judgment removing appellants' retained counsel was error.   The State takes no position on the merits of appellants' claim.

{¶ 11} We review for an abuse of discretion.  *State v. Keenan*, 81 Ohio St.3d 133, 137, 1998-Ohio-459, 689 N.E.2d 929.   A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

---

[1]Enacted after *Keenan*.

{¶ 12} As this court found in *Chambliss I*, the trial court unilaterally removed appellants' retained counsel "without request of either party, without notice and without opportunity to be heard, rendering the appellants under indictment, remanded to jail without bond, and wholly without counsel." Id., ¶13. Such action was indeed an abuse of discretion.

{¶ 13} Appellants' assignment of error is sustained. The trial court's judgment removing defense counsel is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR