[Cite as *State v. Williams*, 2012-Ohio-352.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95853**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD WILLIAMS

DEFENDANT-APPELLANT

### JUDGMENT:
### APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-534090
Application for Reopening
Motion No. 447136

**RELEASED AND JOURNALIZED:** January 30, 2012

**FOR APPELLANT**

Richard Williams, pro se
Inmate #592-040
Marion Correctional Inst.
P. O. Box 57
Marion, OH 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

EILEEN A. GALLAGHER, J.:

{¶ 1}   In *State v. Williams*, Cuyahoga Cty. Court of Common Pleas Case No. CR-534090, applicant, Richard Williams, pled guilty to gross sexual imposition and rape. This court affirmed that judgment in *State v. Williams*, 8th Dist. No. 95853, 2011-Ohio-2551.

{¶ 2}   Williams has filed with the clerk of this court a timely application for reopening. He argues that he was denied the effective assistance of appellate counsel

and asserts seven proposed assignments of error. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶ 3} Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Williams has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id*. at 25. Williams cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 4} In his first proposed assignment of error, Williams contends that his appellate counsel failed to assert Williams's "actual innocence." Williams pled guilty to Count 3 (gross sexual imposition). During the lengthy plea colloquy, the trial court asked Williams how he pled to Count 4, rape, and mistakenly identified B.U., the victim

of Count 3 (grosss sexual imposition), as the victim of Count 4. Williams stated on the record that he did not rape B.U. and the trial court ultimately correctly associated the victims with Counts 3 and 4 respectively.

{¶ 5} The trial court actually acknowledged Williams's claim of innocence of the rape of B.U. He, however, did not assert innocence of gross sexual imposition with respect to B.U. The record does not support Williams's claim of "actual innocence." We cannot, therefore, conclude that appellate counsel was deficient or that Williams was prejudiced by the absence of this proposed assignment of error on direct appeal. As a consequence, Williams's first proposed assignment of error is not well-taken.

{¶ 6} In his second proposed assignment of error, Williams complains that the trial court did not render a final appealable order. In support of this argument, Williams quotes part of R.C. 2929.19(A) which requires a sentencing hearing and provides, in part: "The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." The trial court did ask: "Mr. Williams, what did you wish to say before the court imposes sentence?" Tr. at 63.

{¶ 7} Additionally, the trial court's August 31, 2010 sentencing entry "sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." (Citations deleted.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. In light of *Lester*, therefore, Williams has not demonstrated that his judgment

of conviction is not a final appealable order. As a consequence, Williams's second proposed assignment of error is not well-taken.

{¶ 8} In his third proposed assignment of error, Williams contends that his appellate counsel was ineffective for failing to assign as error that the trial court denied Williams trial counsel of his choice. During the plea negotiations, Williams expressed concern that his counsel was not going to "fight" for him and Williams told counsel that he wanted to be represented by the public defender. Counsel explained to the trial court that he was *retained* counsel. The trial court denied Williams's motion to appoint the public defender as his counsel.

{¶ 9} Williams has not provided this court with any controlling authority requiring a trial court to replace retained counsel with the public defender. Furthermore, his reliance on *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, is misplaced. In *Chambliss*, the Supreme Court held that a trial court's order removing retained defense counsel is immediately appealable. Obviously, the trial court did not remove Williams's retained counsel. As a consequence, Williams's third proposed assignment of error is not well-taken.

{¶ 10} In his fourth proposed assignment of error, Williams asserts that his appellate counsel was ineffective for not assigning as error that his waiver of jury trial was not voluntary, knowing or intelligent. Initially, we note that the trial court docket does not reflect the filing of a jury trial waiver. During the colloquy with the trial court, when Williams indicated that he would like to go to trial, the court responded: "Okay.

We'll see you tomorrow morning in civilian clothes." Tr. 48. *See also* Tr. 51. The portions of the transcript cited by Williams do not include a waiver of jury trial. Appellate counsel was not deficient and Williams was not prejudiced by the absence of this proposed assignment of error. As a consequence, Williams's fourth proposed assignment of error is not well-taken.

{¶ 11} In his fifth proposed assignment of error, Williams claims that his appellate counsel was deficient for failing to assign on direct appeal that his sentence was void. Count 4 of the indictment included a furthermore clause referring to his prior conviction for rape under R.C. 2907.02. The notice of prior conviction in Count 4 specifically referred to Cuyahoga Cty. Court of Common Pleas Case No. CR-226563. Williams asserts that he did not have counsel in Case No. CR-226563.

{¶ 12} Williams appealed his conviction in Case No. CR-226563. *See State v. Williams*, 8th Dist. No. 56726, 1993 WL 27620 (Feb. 4, 1993), *appeal dismissed* 67 Ohio St.3d 1409, 1993-Ohio-300, 615 N.E.2d 1043. In Case No. 56726, Williams's appellate counsel assigned as error that trial counsel was ineffective and that trial counsel failed to request an instruction on gross sexual imposition. Indeed, this court discussed various aspects of trial counsel's representation. Clearly, Williams had counsel in Case No. CR-226563. As a consequence, Williams's fifth proposed assignment of error is not well-taken.

{¶ 13} In his sixth proposed assignment of error, Williams argues that appellate counsel was ineffective for failing to assign that trial counsel was ineffective. Williams

contends that the cumulative effect of trial counsel's purported shortcomings with respect to: trial counsel's failure to object to the plea colloquy because Williams asserted his "actual innocence" (first proposed assignment of error ); his prior conviction being "uncounseled" (fifth proposed assignment of error); and trial counsel's permitting him to plead guilty where the plea was not voluntary because the furthermore clause in Count 4 referring to his prior conviction is unconstitutional (fifth proposed assignment of error).

{¶ 14} Yet, as discussed above, Williams's fourth and fifth proposed assignments of error lack merit. He was not, therefore, prejudiced by the "cumulative effect" of the absence of these assignments of error from his direct appeal. As a consequence, Williams's sixth proposed assignment of error is not well-taken.

{¶ 15} In his seventh proposed assignment of error, Williams contends that the trial court judge participated in plea negotiations. Our review of the portions of the plea and sentencing transcript cited by Williams reflects the trial court's repeated statements to Williams that he could go to trial and that the trial court would not make any promises regarding his sentence. The record does not reflect that the trial court participated in plea negotiations. Rather, the trial court endeavored to establish whether Williams wished to go to trial or enter a plea of guilty. Appellate counsel was not deficient and Williams was not prejudiced by the absence of this assignment of error. Williams's seventh proposed assignment of error is not well-taken.

{¶ 16} As a consequence, Williams has not met the standard for reopening. Accordingly, the application for reopening is denied.

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, J., CONCUR