[Cite as *State v. Daniels*, 2019-Ohio-5314.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0079** |
| RYAN DANIELS, SR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00199.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Antonio S. Nicholson*, The Bradley Building, Suite 203, 1220 West Sixth Street, Cleveland, Ohio 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Ryan Daniels, Sr., appeals the trial court's November 7, 2019 order overruling retained counsel's motion to withdraw and Daniels' motion to continue the jury trial and permitting new counsel to enter an appearance. We dismiss.

{¶2} On November 5, 2019, Daniels' retained counsel moved to withdraw and to continue the jury trial scheduled to commence November 12, 2019. On this same date, Daniels' new counsel moved to enter an appearance. Emphasizing the late timing

of the motions and the delay on trial, the court overruled counsel's motion to withdraw and continue but permitted Daniels' new counsel to enter an appearance.

{¶3} Appellee, the state of Ohio moves to dismiss the appeal for lack of final appealable order. A court of appeals has jurisdiction to hear a criminal appeal from a "judgment or final order." R.C. 2953.02.

{¶4} R.C. 2505.02(B) defines the types of orders that constitute final appealable orders:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action * * *."

{¶12} Daniels opposes dismissal arguing that the ruling denies him counsel of choice and is therefore a final appealable order based on *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651.

{¶13} However, *Chambliss* limits its holding to the *removal* of retained counsel of choice. It holds "[a] pretrial ruling *removing* a criminal defendant's retained counsel of choice is a final order subject to immediate appeal" because it renders a post-trial appeal ineffective or meaningless. (Emphasis added.) *Id*. at syllabus, ¶ 22 citing R.C. 2505.02(B)(4).

{¶14} Unlike *Chambliss*, the trial court's decision before us does *not* remove retained counsel of choice and allows new counsel to enter an appearance and participate. Thus, Daniels is not denied counsel of choice.

{¶15} Moreover, *Chambliss* relies in part on the U.S. Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409, (finding the denial of a defendant's right to counsel of choice constitutes structural error affecting the framework of the trial). *Gonzalez-Lopez* emphasizes that its holding does *not* detract from a court's "wide latitude in balancing the right to counsel of choice against the needs of fairness * * * and against the demands of its calendar * * *." *Id*. Instead, trial courts continue to have the authority to limit a defendant's right to counsel of choice when faced with a belated request to change attorneys. *Id*. at 152 citing *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983); *accord State v. Swogger*, 5th Dist. Stark No. 2017CA00212, 2018-Ohio-3148, ¶ 59.

3

{¶16} Further, the denial of a motion for a continuance is not a final, appealable order. *Miklovic v. Shira*, 5th Dist. Knox No. 04-CA-27, 2005-Ohio-3252, ¶ 25, citing *Lamont v. Lamont*, Geauga App. No. 2004-G-2591, 2004-Ohio-5515.

{¶17} Appellee's motion to dismiss for lack of a final appealable order is granted.

{¶18} Appeal dismissed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.