[Cite as *Smith v. Warner*, 2021-Ohio-4351.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| DAVID SMITH | C.A. No. 20CA011653 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROY WARNER, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No. 18 CV 196576 |

DECISION AND JOURNAL ENTRY

Dated: December 13, 2021

HENSAL, Presiding Judge.

{¶1} David Smith appeals a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Wells Fargo Bank, N.A. on his declaratory judgment and quiet title action. For the following reasons, this Court grants Wells Fargo's motion to dismiss and dismisses the appeal as moot.

I.

{¶2} The husband of Mr. Smith's stepdaughter stole $50,000 from Mr. Smith and used it as the down payment for a house, financing the remainder with a bank loan. He has since been convicted for the theft and ordered to pay restitution to Mr. Smith. In the meantime, Wells Fargo obtained the mortgage on the property from the bank that originated the loan.

{¶3} Mr. Smith filed a complaint for declaratory judgment and to quiet title against the husband of his stepdaughter and Wells Fargo. Following discovery, Wells Fargo moved for summary judgment, arguing that Mr. Smith could not obtain the relief he requested because he

did not have title to the property at the time he filed his complaint. The trial court granted Wells Fargo's motion, concluding that Mr. Smith had not presented any evidence that he had an interest in the property at the time he filed his complaint. Because Mr. Smith did not have an interest in the property, the court also concluded that there was no real controversy between the parties. Mr. Smith has appealed, assigning five errors.

## II.

{¶4} As a preliminary matter, Wells Fargo has moved to dismiss Mr. Smith's appeal, arguing it is moot. According to Wells Fargo, after the trial court granted summary judgment to it, Mr. Smith obtained title to the property. He subsequently sold the property, however, to third parties. According to Wells Fargo, the proceeds of the sale have been distributed, the loan that was taken out by the husband of Mr. Smith's step-daughter was satisfied with those proceeds, and it has discharged the mortgage that was encumbering the property. Wells Fargo argues the case is moot, therefore, because Mr. Smith no longer has any interest or expectancy in the property and it also no longer has any connection with the property.

{¶5} Mr. Smith argues that the appeal is not moot because lien priority has never been established. According to Mr. Smith, the $50,000 that was stolen from him and used for a down payment should have been paid from the sale proceeds before the loan on the property. Mr. Smith also argues that, once it is established that he should have been paid first, he may recover any over payments from Wells Fargo, which was also the holder of the note that was satisfied.

{¶6} "Ohio courts have long exercised judicial restraint in cases which are not actual controversies." *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "No actual controversy exists where a case has been rendered moot by an outside event." *Id.* "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event

occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Id.*, quoting *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. "Thus, an action must be dismissed as moot unless it appears that a live controversy exists." *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6.

{¶7} In his complaint, Mr. Smith alleged that he had filed an affidavit of title against the property that created a lien in his favor. He also alleged that his liens and/or claims against the property superseded all other liens on it. He prayed for a judgment "declaring that his liens/claims upon the property * * * supersede any and all liens/claims including those held by any mortgagee * * * *." He also prayed that "judgment shall issue quieting title and declaring that the proceeds of any sale of the property * * * shall be first applied [to] satisfy any judgment [Mr.] Smith obtains against [Mr.] Wagner * * * *." Thus, Mr. Smith requested three things in his complaint: a declaration that his liens have priority, quiet title, and a declaration regarding the proceeds of any sale of the property.

{¶8} The trial court granted summary judgment to Wells Fargo in June 2020. According to the documents that Wells Fargo has attached to its motion to dismiss and its supplement to its motion to dismiss, in December 2020 the common pleas court ordered the property to be transferred to Mr. Smith free of all encumbrances except for Wells Fargo's mortgage. In May 2021, Mr. Smith granted the property in fee simple to third parties. Wells Fargo also submitted a copy of the residential purchase agreement between Mr. Smith and the third parties, a copy of the closing documents that showed how the proceeds of the sale were going to be distributed, and a copy of its "Mortgage Release Satisfaction and Discharge" that cancelled and released its mortgage over the property.

{¶9} The documents submitted by Wells Fargo establish that Mr. Smith has conveyed any interest he had in the property to third parties. They also establish that Wells Fargo no longer has any claim over the property. They further establish that any proceeds of Mr. Smith's sale of the property have been distributed as set out in the closing documents of that transaction.

{¶10} Upon review of the record, we conclude that Mr. Smith's request for a declaration addressing the priority of his liens/claims to the property is moot because he has conveyed all of his rights or interests in the property to others. Mr. Smith's request for quiet title is moot because the common pleas court quieted title to the property in favor of Mr. Smith in the criminal action of his stepdaughter's husband. Although the court preserved Wells Fargo's mortgage interest, Wells Fargo has since released the mortgage. We further conclude that Mr. Smith's request for a declaration regarding the proceeds of any sale of the property is moot because the property has already been sold and the proceeds of the sale have been distributed. Mr. Smith argues that the common pleas court could still determine whether Wells Fargo's mortgage should have had priority over his interest in the property and that he could recover any overpayments to Wells Fargo if he prevails. Such relief, however, is beyond the scope of Mr. Smith's complaint. We also note that Mr. Smith facilitated and agreed to the sale of the property to third parties even though the priority of Wells Fargo's lien was not settled.

{¶11} Mr. Smith and Wells Fargo no longer have any interest in the property purchased with assets that were stolen from Mr. Smith. In addition, the proceeds of the sale of the property to a third party have been distributed. We, therefore, conclude that there is no live controversy between the parties and that the appeal must be dismissed as moot.

III.

{¶12} A live controversy does not exist between the parties. Wells Fargo's motion to dismiss is granted. Mr. Smith's appeal is dismissed as moot.

Motion to dismiss granted
and appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

DAVID VAN SLYKE, Attorney at Law, for Appellee.