[Cite as *In re Guardianship of Jenkins*, 2022-Ohio-1043.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE: THE GUARDIANSHIP OF LOIS
JENKINS

C.A. No.     29981

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2020 GA 00324

DECISION AND JOURNAL ENTRY

Dated: March 30, 2022

SUTTON, Judge.

{¶1} Appellant, Lois Jenkins, appeals an interlocutory order of the Summit County Court of Common Pleas, Probate Division, appointing a guardian ad litem and compelling the production of documents. For following reasons, this Court dismisses the appeal as moot.

I.

**Relevant Background**

{¶2} Appellee Brian Jenkins filed an application for the appointment of a guardian for his mother, Ms. Jenkins. Mr. Jenkins also filed a motion for independent expert evaluation of Ms. Jenkins, which the probate court granted. Mr. Jenkins' application was opposed by Gale Kalb, Ms. Jenkins' paid live-in caregiver. As the matter proceeded, Mr. Jenkins issued subpoenas *duces tecum* to Michael Asher, Ms. Jenkins' attorney and interim trustee of the Jenkins Revocable Living Trust, Ms. Kalb, and Huntington National Bank. In so doing, Mr. Jenkins sought documents related to Ms. Jenkins' estate, medical history, and finances. Further, Mr. Jenkins sought any and

all correspondence between: (1) Attorney Asher and Ms. Kalb; (2) Attorney Asher and Mr. Jenkins; (3) Ms. Kalb and Ms. Jenkins; and (4) Attorney Asher and Ms. Kalb's counsel, Justin Miller. Because Attorney Asher and Ms. Kalb failed to produce the subpoenaed documents, Mr. Jenkins filed a motion to compel. A magistrate of the trial court granted Mr. Jenkins' motion to compel, and objections followed.

{¶3} During this same time-period, the parties also filed several other motions including: (1) a motion to intervene by Ms. Kalb; (2) a motion to intervene by Attorney Leslie Weiss, the former trustee of the Jenkins Revocable Living Trust; (3) a motion to vacate all proceedings for lack of service on Ms. Jenkins; and (4) a motion to show cause relating to the subpoenaed documents.[1] On March 30, 2021, a motions hearing commenced before a magistrate of the trial court. The magistrate denied the motions to intervene and also denied the motion to vacate all proceedings. However, because objections to the magistrate's decision compelling the production of documents were still pending, the magistrate declined to rule upon Mr. Jenkins' motion to show cause.

{¶4} The trial court, in an order dated April 22, 2021, overruled the objections to the magistrate's decision compelling the production of Ms. Jenkins' financial documents and adopted the same. Additionally, the trial court appointed Attorney Jessica Forrest as guardian ad litem for Ms. Jenkins for the limited purposes of: (1) collecting all relevant documents, including by subpoena to financial institutions; (2) meeting privately with Ms. Jenkins and any

---

[1] The record reveals a court investigator personally served Ms. Jenkins with notice of the guardianship hearing on March 22, 2021.

other relevant individual; and (3) requesting the probate court to freeze any endangered asset. Finally, because of the contentious nature of the proceedings, the trial court assumed full responsibility for the case going forward.

{¶5} On May 24, 2021, Huntington National Bank produced Ms. Jenkins' trust and financial documents to the guardian ad litem.

{¶6} Importantly, on November 3, 2021, the parties entered into an agreed judgment entry wherein Ms. Jenkins was deemed and declared incompetent, and in need of a guardian of her person and estate. Subsequently, on November 4, 2021, the probate court appointed Attorney Kevin Smith as Ms. Jenkins' guardian.[2]

{¶7} Ms. Jenkins now appeals the trial court's April 22, 2021 order raising two assignments of error. Because our analysis of the assignments of error is identical, we combine them below.

II.

### ASSIGNMENT OF ERROR I

**THE COURT BELOW DENIED [MS. JENKINS] THE FUNDAMENTAL RIGHT TO DUE PROCESS OF LAW.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN AFFIRMING, OVER [MS. JENKINS'] OBJECTIONS, THE MAGISTRATE'S ORDER COMPELLING DISCOVERY OF [MS. JENKINS'] PRIVILEGED DOCUMENTS AND COMMUNICATIONS WITHOUT PROPER ADJUDICATION OF INCOMPETENCY.**

{¶8} In her first and second assignments of error, Ms. Jenkins argues the trial court erred, in its April 22, 2021 order, by appointing a guardian ad litem and compelling the

---

[2] Ms. Jenkins' motions to stay proceedings were denied by this Court and the trial court.

production of Ms. Jenkins' financial documents prior to deeming Ms. Jenkins' incompetent. In response, Mr. Jenkins contends the appeal is moot because Ms. Jenkins, through counsel, consented that Ms. Jenkins is, in fact, incompetent, and also consented to the appointment of a guardian. Further, Mr. Jenkins argued the appeal is moot because Huntington National Bank, pursuant to a subpoena issued by the guardian ad litem, already produced Ms. Jenkins' financial and trust documents. In her reply, Ms. Jenkins acknowledged that "the damage has already been done * * *, and the damage is irreparable."

{¶9} "Ohio courts have long exercised judicial restraint in cases which are not actual controversies." *Smith v. Warner*, 9th Dist. Lorain No. 20CA011653, 2021-Ohio-4351, ¶ 6, quoting *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "No actual controversy exists where a case has been rendered moot by an outside event." *Id*. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Id*., quoting *Miner v. Witt*, 82 Ohio St. 237 (1910), syllabus. "Thus, an action must be dismissed as moot unless it appears that a live controversy exists." *Id*., quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6.

{¶10} Although Ms. Jenkins references, in her reply, two exceptions to the mootness doctrine, she does not develop this argument or provide any legal analysis to support her conclusory statement that both exceptions apply to this case.[3] As this Court has repeatedly held,

---

[3] "A case is not moot if the issues are capable of repetition, yet evading review." *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12 (1989), paragraph one of the syllabus. A situation is capable of repetition, yet evading review where two elements combine: "(1) the challenged action was in its duration too short to be fully litigated prior to its

"[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out." *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 50, quoting *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, * 8, (May 6, 1998).

{¶11} Thus, because the parties have already agreed that Ms. Jenkins is incompetent and a guardian has been appointed over her person and estate, and because the financial documents in question have already been produced, there is no live controversy for which this Court could grant any type of relief. *See Smith* at ¶ 6.

{¶12} Accordingly, Ms. Jenkins' appeal is dismissed as moot.

III.

{¶13} For the reasons stated above, Ms. Jenkins' appeal is dismissed as moot.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). A court may also review a case, even though the case is moot, if it "involves a matter of public or great general interest[.]" *In re Appeal of Suspension of Huffer* at 14.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL K. ASHAR, Attorney at Law, for Appellant.

JOHN P. THOMAS, Attorney at Law, for Appellee.