[Cite as *State v. Helms*, 2023-Ohio-4225.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

JOEL HELMS

    Appellant

C.A. Nos.     30320
                  30321

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    21 CRB 00259
                22 CRB 00310

DECISION AND JOURNAL ENTRY

Dated: November 22, 2023

---

FLAGG LANZINGER, Judge

{¶1} Joel Helms appeals from the judgment of the Barberton Municipal Court. This court affirms.

I.

{¶2} On February 3, 2021, Helms was charged with one count of theft, in violation of R.C. 2913.02. On February 21, 2022, Helms was charged with one count of obstructing official business, in violation of R.C. 2921.31 and one count of criminal trespass, in violation of R.C. 2911.2l(A)(l). Helms entered a plea of not guilty to the charges. Helms retained an attorney who represented both him and his co-defendant.

{¶3} On December 14, 2021, Helms's attorney filed a motion to withdraw as counsel for Helms's co-defendant. Helms's attorney also indicated an intention to continue representing

Helms. However, the trial court removed Helms's attorney, determining he was disqualified due to a conflict of interest. Helms continued *pro se* and the matter proceeded to a jury trial.

{¶4} The jury found Helms guilty on all counts. The trial court sentenced Helms to serve ten days in Community Alternative Sentencing Center (C.A.S.C.), and an aggregate $110 fine. Helms now appeals raising five assignments of error for our review. To facilitate analysis, we choose to address the assignments of error in a non-sequential order.

II.

**ASSIGNMENT OF ERROR II**

**CAN A PREJUDICED COURT PROVIDE JUSTICE?**

{¶5} In his assignment of error, Helms makes multiple arguments alleging the trial court was prejudiced. Helms contends that a change of venue was required because the trial court showed prejudice in its comments and actions. Helms argues that the trial court abused its discretion when it removed his retained trial counsel of choice because of a conflict of interest. Helms also argues that the court should not have allowed video evidence to be admitted. We disagree.

{¶6} This Court will first analyze Helms's argument pertaining to the trial court's removal of Helms's retained trial counsel. Criminal defendants enjoy a constitutional right to counsel. Sixth Amendment to the Ohio Constitution, Article I, Section 10. "[One] element of [that] right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). If a defendant has the ability to retain a qualified attorney, the Sixth Amendment generally protects his choice of counsel. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 625 (1989). "A court commits structural error when it wrongfully denies a defendant his counsel of choice, so a defendant need not demonstrate further prejudice." *State v. Miller*, 9th Dist. Summit No. 27048, 2015-Ohio-279,

¶ 8, citing *Gonzalez-Lopez* at 150. The wrongful denial "entitles [the defendant] to an automatic reversal of his conviction." *State v. Chambliss*, 128 Ohio St.3d 507, 2011-Ohio-1785, ¶ 18. Moreover, because the right to one's choice of counsel is fundamental, a pretrial ruling that removes one's retained counsel of choice is immediately appealable. *See id.* at syllabus. *Accord State v. Rivera*, 9th Dist. Lorain Nos. 16CA011057, 16CA011059, 16CA011060, 16CA011061, 16CA011063, 16CA011073, 16CA011075, 2017-Ohio-8514, ¶ 5.

{¶7} The trial court's order removing Helms's retained counsel was a final appealable order. *Chambliss* at ¶ 2. If Helms wished to challenge the trial court's judgment removing his attorney, he had to file a timely appeal within 30 days of the entry of that judgment. He failed to do so.

{¶8} Because Helms did not timely appeal the trial court's December 17, 2021, order removing his retained counsel, he has failed to invoke this Court's jurisdiction to address his challenge. *See Gatlin v. Harmon*, 9th Dist. Lorain No. 19CA011597, 2021-Ohio-1852, ¶ 13, quoting *BankUnited v. Klug*, 9th Dist. Lorain No. 16CA010923, 2016-Ohio-5769, ¶ 12. Accordingly, Helms's challenge to the trial court's disqualification of retained counsel is not properly before us for consideration.

{¶9} Regarding Helms's other arguments, we observe that Helms does not point this Court to any caselaw or develop a cogent argument supporting his contentions that a change of venue was required or that the court erred when it allowed video evidence to be admitted. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his arguments in support. *Angle v. W. Res. Mut. Ins. Co.*, 9th Dist. Medina No. 2729-M, 1998 WL 646548, *1 (Sept. 16, 1998); *Frecska v. Frecska*, 9th Dist. Wayne No. 96CA0086, 1997 WL 625488, *2 (Oct. 1, 1997). *See also* App.R. 16(A)(7) and Loc.R. 16(A)(7). "As this Court has

repeatedly held, '[i]f an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'" (Alterations sic.) *In re Guardianship of Jenkins*, 9th Dist. Summit No. 29981, 2022-Ohio-1043, ¶ 10, quoting *King v. Divoky*, 9th Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 50.

{¶10}  App.R. 16 provides in pertinent part the following:

(A) Brief of the appellant[.] The appellant shall include in its brief * * * all of the following:

 * * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * * .

App.R. 16(A)(7). *See also Hershberger v. Shelmar Realty, Inc.*, 9th Dist. Summit No. 28110, 2017-Ohio-353, ¶ 12; Loc.R. 16(A)(7).

{¶11}  In addition to reflecting the requirements specified in App.R. 16(A)(7), Loc.R. 16(A)(7) provides that an appellant's brief must separately discuss each assignment of error, "and shall include the standard * * * of review applicable to that assignment of error * * *."

{¶12}  Helms has set forth two additional arguments within this assignment of error that are neither substantiated by specific arguments, nor supported by citations to authorities or statutes. Helms does not provide a standard of review as required by the Local Rules.  Thus, Helms has failed to meet his burden on appeal, and for this reason we decline to address his additional arguments. Helms's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**MUST A CONTRACTUAL PARTY PERFORM AN ACT CONTRARY TO THEIR WELL- BEING OR PUBLIC POLICY?**

## ASSIGNMENT OF ERROR III

**CAN HELMS BE PROSECUTED FOR TRESPASS WHERE HIS PROTECTED RIGHTS TO PERSONAL AND REAL PROPERTY HAVE NOT BEEN TERMINATED BY NOTICE AND HEARING?**

## ASSIGNMENT OF ERROR IV

**THERE MUST BE AN EXPECTANCE THAT AN OFFICER GAVE AN ORDER BEFORE ONE COULD OBEY.**

## ASSIGNMENT OF ERROR V

**HELMS HAS RIGHT TO KNOW CHARGES AND SENTENCE TO AFFORD PROPER DEFENSE.**

**{¶13}** With regard to Helms's other assignments of error, we observe, as above, that Helms has failed to meet his burden of demonstrating the error on appeal. As outlined above, and applicable to our analysis here, an appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support.

**{¶14}** Helms has set forth four assignments of error that are not connected to any specific arguments, nor supported by citations to authorities or statutes. Helms sets forth different contentions in his assignments of error, some of which are mere statements of fact, without articulating the relation of these assertions to any authorities or ultimate error at the trial court level in this case. Additionally, Helms fails to provide standards of review as required by the Local Rules. Thus, Helms has failed to meet his burden on appeal.

**{¶15}** Accordingly, Helms's first, third, fourth, and fifth assignments of error are overruled.

III.

{¶16} Helms's assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, J.
CONCURS.

CARR, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JOEL HELMS, pro se, Appellant.

JENNIFER A. ROBERTS, Attorney at Law, for Appellee.